Good morning, may it please the Court. My name is Betsy Stevens for the Appellant Mary Bray. Our first issue is at step five of the sequential analysis. The ALJ found that Ms. Bray was not disabled based on her ability to perform three semi-skilled occupations. But the ALJ did not identify in his decision any transferable skills that Ms. Bray has. And according to Social Security Ruling 8241, the ALJ was required to do that. I have a question. There is reference to the medical records from Dr. Sayre. The only medical records I saw were on pages 299-302 and 251-258. There are no other medical records from Dr. Sayre, is that correct? I think that's correct. And where is there he at one point in time wrote a note that said she could only work four hours per day. What is the evidence that supports that note, if any? Well, he diagnosed, well, she has chronic obstructive pulmonary disorder. But there's no evidence that she's only limited to four hours per day. That's indicated in that note. I don't know the fact that she asked him to write it. Well, at page 252, I believe, of the transcript, is where she came to see him and was having shortness of breath when she exerted herself. And that's when he said that even when she was at baseline, she was still feeling short of breath. But he said at that point, too, that she could work eight hours a day. Yes. I believe he said she was having trouble with it. Could we go to the underlying standard that you just indicated? Admittedly, SSR 82-41 says that the ALJ has to make specific findings whenever he determines that there are transferable skills. However, the Fifth Circuit, or rather the Sixth Circuit, has indicated that where you rely, the ALJ relies on a vocational expert. You need not make specific findings. The Second Circuit, on the other hand, has gone the opposite way and seems to agree with you. Which approach is better and why? Well, I would go with the Second Circuit there because... I'm surprised. Why is that? Well, the ALJ is in the best position to make a finding of fact. And when the ALJ finds transferable... I mean, relying on a vocational expert at the hearing and then making a finding regarding what the ALJ believed the vocational expert had to say is in accordance with the ruling. Would you agree that right now, Ms. Stevens, in the Ninth Circuit, there is no specific rule on this issue? Other than the ruling itself. Other than the ruling itself, right. So, in effect, you're asking us to create a rule for the Ninth Circuit in this case that would basically adopt the reasoning of the Second Circuit. In this situation, though, you've got a vocational expert. You've got an ALJ, which particularly in this field, is usually someone that's very experienced with the five steps required to find disability. What is really served by having the ALJ go through the frequently laborious task of listing the things that the vocational expert has said? What benefit is gained by doing that? Well, then we know specifically what the ALJ is basing his findings on. We know whether the individual has clerical skills, whether the individual has customer service skills, and to what degree those skills exist, and how they could transfer into the jobs that are identified. And without you If the vocational expert says all that, and there's no evidence to the contrary, why bother? It's in the record. Well. Well, I think the question, though, in this case, did the vocational expert say exactly what transferable skills she had? It was sort of unclear what what the vocational expert was was talking about. She she mentioned a few different things, but it was in the context of some other job. No, there's no clear opinion from the vocational expert. Is there a statement that, yes, you know, this this person on the spray has this or these transferable skills. She can do A, she can do B, she can do C, you know, from her previous work. And these are transferable. There's no specific finding, I mean, opinion like that from the vocational expert, is there? I don't think so, Your Honor. It was a more general statement that the vocational expert made. Let me ask you, during the period of time of her disability, she was working. And she was working as a caregiver. And she also worked for a period of time as a telemarketer. And those were noted by the ALJ. Isn't that correct? That's correct. But the telemarketer position was not done for very long. I believe she had some training, and then two weeks. It was five weeks and three weeks before she was let go. But the caregiver was about two years part time. Part time, yes. Taking the point that Judge Tashima just made, that the record seems to be rather barren of much of a finding in the way of, at least by the ALJ. But doesn't that, the very fact that Judge Tashima and the rest of us were able to review the record and determine whether there was a sufficient amount of information, isn't that enough without having to require the ALJ to actually take the time to make the finding? Well, I think if the ALJ had taken the time to make the finding, then maybe we wouldn't be here having this conversation. I mean, I think. What if the ALJ makes a finding and it's not backed up by the record? Well, I don't know what would happen then, Your Honor. But in this case. We're kind of back to the same situation that is in appellate court. We look at the record, we see whether there's substantial evidence. If there's substantial evidence, there is. If there isn't, there isn't. What the ALJ does, I guess what I'm grasping for is, why should we adopt the Second Circuit rule as opposed to the rule adopted by the Sixth Circuit? Or should we adopt a rule at all? Or an in-between rule. Yeah, that too. I think the ALJ is the one who sees the claimant, who listens to the vocational expert testimony and is in the best position to actually make this finding a fact. And based on all of the evidence that's in front of them. And we shouldn't have to re-litigate all of that here. Remember, it's in the record. Either it's there or it's not there. And what I'm asking your view on is, why is it necessary to have the ALJ go the extra step to delineate what either is or is not in the record? Well, I think... Why don't we do this? Why don't we give you the opportunity to reflect on that, because you're going to want to save two minutes for rebuttal. Why don't you do that and let us hear from the government, and then when you come back for your rebuttal, you'll be able to give us your thoughts on that. Is that okay? Let's hear from the government. Good morning. May it please the Court. Jamala Edwards, representing the Commissioner. Here in this case, as Your Honor's fault pointed out, the ALJ did comprehensively review the medical record, the testimonial evidence, and arrived at a decision supported by substantial evidence. Did the ALJ make a finding that she had transferable skills? What was that finding? The ALJ did not use the magic words, I find that she has transferable skills. That's not my question. Did the ALJ make a finding that she had transferable skills? The ALJ did say the claimant, Ms. Bray, has previous skilled work experience. He says that twice. But he didn't say what they were? No. And twice in the brief. Well, doesn't your brief admit that ALJ didn't make the findings, but your position is he wasn't required to? Well, just in my brief, I did say that the ALJ did not make a specific finding. Are you changing your position? I would say that it's a case of the magic words form over function. If it is required to say there are transferable skills and this is such, then the ALJ did not do that. But the government's position is there are transferable skills. They are in the record. The ALJ asked the V.E. specifically whether there were transferable skills. The ALJ said yes, or the V.E. said yes, there were. And these are the jobs that would stem from those transferable skills. What should we do, though, with SSR 8241? Just ignore it? Should it be the rule in our circuit that those rulings don't mean anything? We can just ignore them? Well, no. Actually, the Supreme Court has held the agency's interpretation of its own regulations and rulings should be upheld if they are not plainly erroneous. But that also means the agency itself should also pull them, doesn't it? Right. And I believe that we did. It wasn't upheld in this case, was it? I mean, where is the compliance with 82-41 here? Well, 82-41 in the relevant section actually says if a V.E. is used to identify the transferable skills, which doesn't say the regulations nor SSR, or as your Honor has pointed out in the Sixth Circuit, say the enumeration of which transferable skills is necessary, then we believe that the ALJ has met his burden here. He asked the V.E. He said previous skilled work experience. You know, I wonder whether it really is asking much of the ALJ to enumerate these things. My experience in three years on the Court is that the thing that almost always hangs up for applicants for disability is the fifth test. They can almost always comply or frequently can comply with the first four tests. But the fifth test, they get hung up on that, and there's little in the record, maybe enough to satisfy it. Wouldn't it be more appropriate, certainly fairer in the system, to require the ALJ to enumerate what those transferable skills are, particularly since we're later on going to get into the issue of the mechanical application of the medical vocational guidelines? If you don't know what those skills are, how can you really determine whether the ALJ has mechanically applied those? Right. Well, I would say with the we talked about the ALJ is in the best position to make the finding the fact. Well, here I would say the VE is in the best position to make a finding about those skills. Asking the ALJ to identify all of the skills is asking him to make some kind of finding on something that he's not aware of. What about Judge Tashima's point? The agency's own regulation, specifically the 8241, seems to require the ALJ to make specific findings whenever he determines that there are transferable skills. What does that mean if not an enumeration of what those are? 8241 does say right after that, this evidence may be a vocational specialist statement. What part are you referring to of 8241? I have page 8 of it's right above where it says effective date. OK, go ahead. So it says. The paragraph just before the effective date. Correct. OK. So when a finding is made that a claimant has transferable skills, acquired must work skills must be identified in specific occupations to which they. Stop right there. The acquired skills must be identified. Was that done? Well, the acquired works skills, they were not enumerated specifically. Well, that wasn't compliant. Go ahead. Read the rest of that paragraph. And so it says in our specific occupations which acquired work skills are transferable must be cited, which they were in the decision. Evidence that these specific skilled or semi-skilled jobs exist in significant numbers, which they were. This evidence may be vocational specialist statements based on expert personal knowledge or substantiation by information contained in the public. Now, that's the evidence. It doesn't say this finding. It says this evidence. You know, as they say, the V.E. testimony is sufficient evidence, but it doesn't say a finding doesn't have to be made, does it? And indeed, going on just beyond what you were reciting to Judge Tashima, the last sentence of that subparagraph 6 says it is important that these findings, not evidence, but the findings be made at all levels of adjudication to clearly establish the basis for the determination or decision for the claimant and for a reviewing body, including a federal district court. Doesn't that argue strongly in favor of the requirement that the ALJ ought to enumerate the specific transferable skills in this case? Again, following your own regulation. Because it's the ALJ that makes the findings, not the vocational expert. That's just evidence. Well, as Your Honors mentioned earlier, it would be quite a laborious task to go through all of the specific skills. Let me ask you, wouldn't the regulations themselves, 404, 1568, which doesn't require enumeration, the SSRs, which do require, seem to require the articulation, but those aren't as binding as the regular regulations. Isn't that correct? Correct. Okay. Go on. So it is quite, would be quite laborious. And I would say would open the door for then later on to argue, well, this job that you found doesn't have the exact same skills. The very point, though, is to have the ALJ have the discipline of really finding what is a transferable skill. Personally, I don't understand why that would be laborious. The ALJs very carefully go through all of the other tests, and sometimes that decision can be quite lengthy. Indeed, in this case, the order is, gosh. The district court order? No, no, no. This is, yeah, that's the district court order. I'm sorry. I'm just looking for the. I think it's eight pages. Eight pages. Okay, well, eight pages. That's a significant amount of, you know, the ALJ has obviously taken some time there. The time it would take him or her to refer to the findings of the vocational expert would be de minimis, wouldn't it? I know that there is something analogous to this, as in the function by function assessment that's been found in this court that you don't have. Doesn't the ALJ on page 17 indicate, for example, from the evidence from Dr. Crisman, that she had certain capacities to do certain things, for example, accept instructions from supervisors, interact with coworkers and the public, she can perform activities consistent on a consistent basis and is able to maintain regular work attendance? And for a semi-skilled job, what transferable skills other than those would be required? Well, the semi-skilled positions. And the last question is pretty much none, isn't it? So he's made the findings. Isn't that correct? Well, you know, the jobs that. . . I think as the district court said, she did do these jobs before. She had certification as a medical assistant. She applied for jobs during the period. Isn't it somewhat disingenuous now to say, I don't have these skills? And he also found that she was capable of performing her past job as a telemarketer and a caregiver. Why aren't those findings as to transferable skills? Although maybe not in the language, here are her transferable skills, but aren't those sufficient findings? Well, is that another question of form over function? Does he have to use those magic words? These are the jobs that are transferable. He said she has previous skilled experience. I think part of those jobs were part of the jobs that he put together for the transferable skills, or for the jobs that did have transferable skills. So we would argue that the ALJ did have substantial evidence, and that's the standard. The ALJ had substantial evidence to support his decision that the claimant was not disabled. Very good. Thank you very much. Ms. Stevens, do you want to finish your rebuttal here? Okay. Upon reflection, the issue here is that the ALJ, as a fact finder, is the one that needs to make a finding on transferable skills and what they are, whether they exist, based on the testimony of the VE, but not necessarily. We need to know what the ALJ found, what skills. Judge Wu just mentioned that the ALJ did make certain findings dealing with the issue, didn't use any magic words like transferable skills and so on. Is that a requirement under the regulation, that he or she use the magic incantation of those words? I wouldn't call them magic words. I would say he has to identify skills, which are skills under the ruling. And didn't he do that in this case? You've listened to what Judge Wu asked, I think. Aren't those transferable skills? Well, I think what Judge Wu mentioned were not actually skills. Those were prior jobs that she had done. Not only that, but those jobs, the ALJ specifically said, were not past relevant work. Yes, that's right. So to me, it's kind of doubtful whether they should be counted at all. Yeah, for example, and it almost gets over the mechanical area. You talked about computer use, but the time period he's talking about, Windows wasn't even in vogue at that point. Who knows whether the petitioner can use the computer in a modern context. Is that correct? Yes, Your Honor. I mean, without a finding from the ALJ, we really don't know what skills he would have found her to have. Very good. Thank you very much, both of you, for your presentation. We appreciate it. The case just heard will be submitted, just argued, will be submitted. The next case is Carla Areola Diaz v. Mukasey. That matter has been submitted on the briefs and record and is now submitted officially. The next case is Cesario Alonso Varona v. Mukasey. That matter is also submitted on the briefs and record and is now submitted officially. The next case to be argued is Emert Industrial Corporation v. City of Milwaukee, Oregon.
judges: Tashima, Smith, Wu